UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23279-RNS

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.                                                                                  **FILED *EX PARTE***

**ALL RIGHT TO AND INTEREST IN PNC CORPORATE PLAZA HOLDINGS LLC HELD, CONTROLLED, OR ACQUIRED, DIRECTLY OR INDIRECTLY, BY OPTIMA CBD INVESTMENTS LLC AND/OR CBD 500 LLC, INCLUDING ANY INTEREST HELD IN OR SECURED BY THE REAL PROPERTY AND APPURTENANCES LOCATED AT 500 WEST JEFFERSON STREET, LOUISVILLE, KY 40202;**
**ANY RIGHT TO COLLECT AND RECEIVE ANY PROFIT, RENT, INCOME, AND PROCEEDS THEREFROM; AND ANY INTEREST DERIVED FROM THE PROCEEDS INVESTED IN PNC CORPORATE PLAZA HOLDINGS LLC BY OPTIMA**
**CBD INVESTMENTS LLC AND/OR CBD 500 LLC,**

        **Defendant.**
_____/

**EX PARTE RESTRAINING ORDER**

      THIS MATTER is before the Court on the Application of the United States for a restraining order pursuant to 18 U.S.C. § 983(j)(1)(A) to preserve the availability of all right to and interest in PNC Corporate Plaza Holdings LLC ("PNC Holdings") held, controlled, or acquired, directly or indirectly, by Optima CBD Investments LLC ("Optima CBD") and CBD 500 LLC ("CBD 500"), which includes any interest held in or secured by PNC Holdings' assets, such as real property

and appurtenances located at 500 West Jefferson Street, Louisville, KY 40202 ("PNC Plaza"), any profit, rent, income, and proceeds therefrom, and any interest derived from the proceeds invested in PNC Holdings by Optima CBD and CBD 500 (the "Defendant Asset"). The Court has considered the Application and the allegations of the Complaint, is otherwise advised of the premises, and finds as follows:

1. The Court has authority under 18 U.S.C. § 983(j)(1)(A), upon application of the United States, to "enter a restraining order" in order to "maintain [and] preserve the availability of property subject to civil forfeiture upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture."

2. The Court further has the authority, under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), to enter "any order necessary to preserve [ ] property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense." Supp. R. (G)(7)(a).

3. The facts alleged in the Complaint, and summarized in the Government's Application, establish probable cause that the Defendant Asset is subject to forfeiture to the United States.

4. The Order sought by the United States is necessary to maintain and preserve the Defendant Asset.

5. The Application is properly granted *ex parte*.

Accordingly, based on the foregoing, and for good cause shown, the Application is **GRANTED**, and it is hereby **ORDERED** that:

a. Optima CBD, CBD 500, Mordechai Korf, Uriel Laber, and their attorneys, agents, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of the order shall not directly or indirectly, transfer, sell, assign, pledge, distribute, encumber, attach or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, encumbered, attached or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Defendant Asset, including any action that would increase costs or reduce revenues unless approved in writing by the Government.

b. The owners of the Defendant Asset, including Optima CBD, CBD 500, Mordechai Korf, and Uriel Laber, are required to maintain the present contracts and agreements related to the Defendant Asset, and adhere to all provisions of any applicable contract or agreement until further order of this Court, and shall allow the United States to join in the Defendant Asset's

management, including by directing key business decisions about day to day operations and to monitor compliance with the Order by all lawful means available.

  c. Optima CBD, CBD 500, Mordechai Korf, and Uriel Laber shall not make any effort to interfere with the operation or preservation of the Defendant Asset.

  d. Except as otherwise provided in the Order, all persons, financial institutions, and other entities who have or assert any access to, interest in, control over, or legal claim to the Defendant Asset, and all such persons' or entities' agents, employees, attorneys, family members, and those persons in active concert or participation with them, including but not limited to Optima CBD, CBD 500, Mordechai Korf, and Uriel Laber, shall be restrained, prohibited, and enjoined from attempting or taking any action that could affect the availability, marketability, or value of the Defendant Asset, including but not limited to, selling, conveying, transferring, bailing, assigning, pledging, collateralizing, encumbering, wasting, secreting, damaging, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the Defendant Asset, unless approved in writing by the Government.

  e. 500 West Jefferson Street LLC is authorized to consummate the sale as agreed to in the Purchase and Sale Agreement dated July 17, 2020 and amended on July 23, 2020.  Ninety-five percent of the net proceeds from such sale, as well as any other funds that would otherwise be transferred to Optima CBD, CBD 500, Korf, Laber, or their agents, representatives, or assigns, shall be transferred to the custody of the United States Marshals Service pending the outcome of this action.  Upon consummation of the sale and the transfer of 95% of the net proceeds from such sale as discussed above, all restraints against PNC Plaza, including any lis pendens, shall be released, and those net sale proceeds shall be treated as a substitute *res* for the property.

  f. Additionally, any other funds related to PNC Holdings, 500 West Jefferson, or PNC Plaza, which would otherwise be owed or transferred to Optima CBD, CBD 500, Korf, Laber, or their agents, representatives, or assigns shall be transferred to the custody of the United States Marshals Service pending the outcome of this action.

  g. All other sales or transfers of the assets or income or rights thereto of the Defendant Asset, except with the written permission of the Government, are prohibited.

  h. In the event the sale described in the Sale Agreement is not consummated, the United States may file a further application for a restraining

order or an order authorizing the interlocutory sale of the Defendant Asset to prevent loss and waste and to preserve the property as an operating business.

**Done and ordered** at Miami, Florida, on August 13, 2020.

_____
Robert N. Scola, Jr.
United States District Judge